# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| MATTHEW TIMOTHY NORRIS, : | |
|     Petitioner : | |
| : | No. 1:18-cv-02264 |
| v. : | |
| : | (Judge Rambo) |
| GILMORE SUPERINTENDENT : | |
| SCI-GREENE, et al., : | |
|     Respondents : | |

## MEMORANDUM

Presently before the Court is a Rule 60 motion pursuant to the Federal Rules of Civil Procedure (Doc. No. 1), filed by pro se Petitioner Matthew Timothy Norris, an inmate confined at State Correctional Institution Rockview, Bellefonte, Pennsylvania. Petitioner has also filed a motion for leave to proceed in forma pauperis (Doc. No. 2.) For the reasons set forth below, the Court will construe Petitioner's Rule 60 motion as a second or successive petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254, and will dismiss the petition. See R. GOVERNING § 2254 CASES R.4 (directing prompt examination of the petition and dismissal if it plainly appears that the petitioner is not entitled to relief).

### I. BACKGROUND

While Petitioner styles the initiating document in this action as a motion pursuant to Rule 60 of the Federal Rules of Civil Procedure, it appears to be a veiled attempt by Petitioner to circumvent the Antiterrorism and Effective Death

Penalty Act of 1996 ("AEDPA"), Pub.L. No. 104-132, 110 Stat. 1214 (1996), by filing a second or successive federal post-conviction motion. Indeed, a review of Pacer[1] reveals that Petitioner filed a writ of habeas corpus pursuant to 28 U.S.C. § 2254 on March 12, 2008 in this District. See Norris v. Lawler, No. 4:08-cv-00458 (M.D. Pa. 2008). The District Court, adopting a Report and Recommendation from the Magistrate Judge, denied the habeas petition. Id. Doc. No. 24. The United State Court of Appeals for the Third Circuit subsequently denied Petitioner's request for a certificate of appealability. Id. Doc. No. 31.

On April 13, 2016, Petitioner filed an application for leave to file a second or successive petition pursuant to 28 U.S.C. § 2244(b) with the Third Circuit. In re: Matthew T. Norris, C.A. No. 16-1862 (3d Cir. 2016). In an Order dated May 18, 2016, the Third Circuit denied Petitioner's application under 28 U.S.C. § 2244 for an order authorizing the District Court to consider a second or successive petition under 28 U.S.C. § 2254. Id. On November 23, 2018, Petitioner filed the instant motion for relief from judgment or order pursuant to Federal Rule of Civil Procedure 60(b). (Doc. No. 1.) Petitioner provides that newly discovered evidence significantly undermines the prosecution's theory in his case, and that affidavits attached to his motion from alibi witnesses show that he is actually innocent of the crimes for which he was convicted. (Id.)

---

[1] The online national index providing public access to court electronic records.

## II. DISCUSSION

This petition is subject to summary dismissal pursuant to Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts. 28 U.S.C. § 2254. Rule 4 provides: "If it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court, the judge must dismiss the petition and direct the clerk to notify the petitioner." R. GOVERNING § 2254 CASES R.4. Summary dismissal pursuant to Rule 4 is appropriate here because Petitioner effectively seeks to pursue what is a second or successive federal habeas corpus petition. (Doc. No. 1.)

Prisoners seeking habeas relief must satisfy specific procedural prerequisites. "A claim presented in a second or successive habeas corpus application . . . that was presented in a prior application shall be dismissed." 28 U.S.C. § 2244(b)(1). As the United States Court of Appeals for the Third Circuit has stated:

> Pursuant to this gate-keeping function, AEDPA instructs the courts of appeals to dismiss any claim presented in a second or successive petition that the petitioner presented in a previous application. See 28 U.S.C. § 2244(b)(1). If a petitioner presents a *new* claim in a second or successive habeas corpus application, we must also dismiss that claim unless one of two narrow exceptions applies:
>
> (A) the applicant shows that the claim relies on a new rule of constitutional law, made retroactive to cases

> on collateral review by the Supreme Court, that as previously unavailable; or
>
> (B)(i) the factual predicate for the claim could not have been discovered previously through the exercise of due diligence; and
>
> (ii) the facts underlying the claim, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that, but for constitutional error, no reasonable factfinder would have found the applicant guilty of the underlying offense. Id. § 2244(b)(2)(A)-(B)(ii). Before a second or successive application permitted by this section is filed in the district court, the applicant shall move in the appropriate court of appeals for an order authorizing the district court to consider the application." Id. § 2244(b)(3)(A). A petitioner's failure to seek such authorization from the appropriate appellate court before filing a second or successive habeas petition "acts as a jurisdictional bar." United States v. Key, 205 F.3d 773, 774 (5th Cir. 2000).

Blystone v. Horn, 664 F.3d 397, 411-12 (3d Cir. 2011).

Construing Petitioner's pleading as a habeas corpus petition, it necessarily fails since the petition is undeniably a successive petition. See Harold v. Collins, Civ. No. 11-1949, 2011 WL 5340558, at *4 (E.D. Pa. June 22, 2011) (construing Rule 60(b) motion as a second or successive habeas petition). As a successive petition, Petitioner cannot find relief in the first instance with this Court, as it lacks jurisdiction to consider Petitioner's petition. See 28 U.S.C. § 2244(b)(2) and (3). Rather, the AEDPA "places the federal courts of appeals in the role of 'gate-keeper,' charging them with the responsibility of 'preventing the repeated filing of

4

habeas petitions that attack the prisoner's underlying conviction [or sentence].'
Leal Garcia v. Quarterman, 573 F.3d 214, 220 (5th Cir. 2009)." Blystone, 664
F.3d at 411; see also Gonzalez v. Crosby, 545 U.S. 524, 531 (2005) (finding that to
use a disguised Rule 60(b) motion "to present claims for relief from a state court's
judgment of conviction" circumvents the AEDPA).

Accordingly, Petitioner must first present the claim to the appropriate court of appeals and must show that: "one or two narrow exceptions applies" as set forth above. See Blystone, 664 F.3d at 411. Because Petitioner has not followed this prescribed course, the instant petition must be dismissed since: "A petitioner's failure to seek such authorization from the appropriate appellate court before filing a second or successive habeas petition 'acts as a jurisdictional bar.'" Id. (quoting Key, 205 F.3d at 774).

## III. CONCLUSION

For the foregoing reasons, Petitioner's motion to proceed in forma pauperis (Doc. No. 2), will be granted and Petitioner's Rule 60(b)(6) motion (Doc. No. 1), construed as a second or successive federal petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254, will be denied. Petitioner may seek permission of the Third Circuit to file another 2254 petition. An appropriate Order follows.

                              s/Sylvia H. Rambo
                              SYLVIA H. RAMBO
                              United States District Judge

Dated: December 4, 2018